28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen LAFAY, (Case No. 93-1379) Defendant-Appellant,
Paul Lafay, (Case No. 93-1416) Defendant-Appellant.
 Nos. 93-1379, 93-1416.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before KEITH, NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Counsel for all the parties in these two consolidated direct criminal appeals have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992 Stephen and Paul LaFay, uncle and nephew, each pleaded guilty to one count of conspiracy to transport stolen goods with a value over $5,000 in interstate commerce, in violation of 18 U.S.C. Sec. 371. The district court sentenced Stephen and Paul, respectively, to twenty-five and thirty-five month terms of imprisonment. These appeals followed, and the parties have briefed the issues.
 
 
 3
 The relevant facts may be summarized as follows: The Federal Bureau of Investigation conducted an undercover investigation into the distribution of stolen auto parts from November 1988 to January 1991. In November 1988, an undercover agent began purchasing stolen General Motors auto parts from defendant Stephen LaFay. This association, and the subsequent extensive stolen auto parts transactions, culminated in the 1992 indictment of Stephen and Paul LaFay. The investigation also led to the arrest and conviction of Leroy, Ira and Ted Warshawsky. Their convictions and appeals were the subject of a recent Sixth Circuit opinion, United States v. Warshawsky, Nos. 93-1345, etc., 1994 WL 97699 (6th Cir. March 29, 1994).
 
 
 4
 Stephen and Paul LaFay eventually pleaded guilty pursuant to an agreement and were sentenced under the guidelines. The district court's sentence calculations for Stephen and Paul LaFay were based, in significant part, on a disputed valuation of the stolen goods involved in the conspiracy. In addition, the district court concluded that Paul LaFay had not demonstrated his acceptance of responsibility under the appropriate guideline and thus refused to reduce his base offense level accordingly. Counsel for both defendants assign as error the district court's valuation methodology and counsel for Paul LaFay disputes the acceptance of responsibility ruling.
 
 
 5
 At sentencing, a disagreement arose over the proper valuation of the stolen parts. Each defendant was convicted of a conspiracy to transport stolen goods. The guideline provision dealing with conspiracies, U.S.S.G. Sec. 2X1.1, directs the sentencing court to the base offense level for the substantive offense, in this case U.S.S.G. Sec. 2B1.1, receiving stolen property. Section 2B1.1(b)(1) directs the sentencing court to increase the base offense level according to the value of the loss, ordinarily the fair market value of the property unless that figure is difficult to ascertain. U.S.S.G. Sec. 2B1.1, comment. (n. 2). The court concluded that the fair market value of the stolen parts was difficult to ascertain and proceeded to sentence each defendant based on a value of over $500,000.
 
 
 6
 In United States v. Warshawsky, Nos. 93-1345, etc., 1994 WL 97699 (6th Cir. March 29, 1994), this court rejected the district court's valuation methodology of the stolen goods in related appeals involving the same scheme and many of the same stolen items. The court concluded that it was possible to assign a fair market value to the stolen parts, namely, the wholesale market, and that it was therefore error to deviate from the market value rule. Id. at * 7-10 (specific reference to Stephen LaFay at * 8). Our review of the present appeal suggests the district court correctly relied on the wholesale value of the stolen goods in calculating the sentences of Stephen and Paul LaFay. We, however, cannot conclude this with the requisite degree of certainty on the present record. We therefore remand the cause for clarification of this point.
 
 
 7
 The district court's decision not to award Paul LaFay a reduction under U.S.S.G. Sec. 3E1.1 also appears in need of remand for re-examination in light of subsequent case law. The district court noted that Paul LaFay had tested positive for the presence of marijuana in a urine test after the entry of his plea but before sentencing. The court specifically relied on this conduct in concluding that Paul LaFay had not accepted responsibility for the seemingly unrelated offense of trafficking in stolen goods.
 
 
 8
 The determination by a sentencing judge that a defendant did not accept responsibility for his offense is entitled to great deference on review. Generally, a district court's determination in this regard is held to the clearly erroneous standard and will not be overturned unless it is without foundation. United States v. Morrison, 983 F.2d 730, 732 (6th Cir.1993). Particular applications of Sec. 3E1.1 are questions of law and are therefore subject to de novo review. Id.; United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 
 9
 In Morrison, a case decided shortly before Paul LaFay was sentenced, this court did in fact hold that the base offense deduction under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility contemplates acceptance of responsibility for the specific offense, not for illegal conduct in general. Id. at 735. The panel enumerated classes of conduct which may be considered sufficiently related to the underlying offense to consider in this context. The conduct may be of the same type as the underlying offense, it may be the motivating force behind the offense, it may be related to actions toward relevant government witnesses, or it may involve an otherwise strong link to the underlying offense. Id.
 
 
 10
 In the present case, the district court clearly denied Paul LaFay's request for acceptance of responsibility consideration based on conduct that was, at least on its face, totally unrelated to the stolen auto parts conduct and did so without reference to Morrison. It may be, however, that the court will reach the same conclusion after evaluating LaFay's conduct in light of Morrison. It would thus appear that the district court and Paul LaFay should be given the chance to consider the claim anew. We do not offer any opinion as to what the result of this reconsideration will or should be.
 
 
 11
 The district court's sentences are therefore vacated and the causes remanded for further proceedings.